AMELIA A. BARTHOLOMEW, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Court of Appeals, June 1, 1886.*

*Negligence. Stopping at station.*—A passenger upon a train is bound to act upon appearances; and, if the train, after the brakeman announces a station, is run so slowly as to appear to a person of ordinary intelligence and observation to have stopped, ordinary care for the safety of the passengers requires the train to be so run and managed as not to endanger their lives; and a sudden jerk or start, without warning, when the passengers are upon their feet moving toward the platform of the cars, is sufficient evidence of carelessness to impose liability upon the company; and a charge in such case that, if the train appeared to have stopped, then for all practical purposes and for the consideration of this case, it had stopped, is not erroneous.

This is an action brought to recover damages for personal injuries.

Appeal from a judgment of the general term of the supreme court, affirming a special term order denying a motion for a new trial.

*Edward Harris*, for appellant.

*Wm. S. Oliver*, for respondent.

EARL, J.—The only ground of error alleged by the defendant is the exception taken to the following phrase in the judge's charge: " If the train appeared to have stopped,

then, for all practical purposes and for the consideration of this case, it had stopped."

This phrase was followed and explained by this language : " If from the evidence you shall say that when this woman stepped out upon the platform, the train had stopped or appeared to persons of ordinary intelligence and observation to have stopped, following, as it did, the conceded announcement, the fact that an announcement had been made that the station had been approached, and by a sudden jerk, of which she had no warning, she was precipitated and received this injury, she has a right of action."

There was no error in the portion of the charge excepted to. The plaintiff was in a strange place in the night-time, and upon her inquiry, as the train neared Rochester, the conductor informed her that she must change cars at the first place at which the train would stop ; that " Rochester " would be called, and she must take the second right-hand train.

Some time after this the brakeman called " Rochester, change cars." The train was then either stopped, or slowed down, so that to her, in the inside of the car, it appeared to have stopped. She was bound to act upon appearances, and after making the announcement, if the train was run so slow as to appear to a person of ordinary intelligence and observation to have stopped, ordinary care for the safety of the passengers required the train to be so run and managed as not to endanger their lives ; and a sudden jerk or start, without any warning, when the passengers were upon their feet moving toward the platform of the cars, was sufficient evidence of carelessness to impose liability upon the defendant. As to anyone in the cars, when the train appeared to have stopped it was the same as if it had stopped, and the same duty rested upon the defendant to care for the safety of the passengers.

The judgment should be affirmed, with costs.

All concur.